## Independent Order of Foresters v. Florence Donahue, Ellen Donahue and John Byrne.

1. RECOVERY—*In Suits upon Bonds by Parties Having No Interest.*—The High Court of the Independent Order of Foresters of the State of Illinois can not recover, in a suit upon a bond executed by the treasurer of a subordinate court, money which belongs exclusively to such subordinate court and raised to be expended solely for the benefit of its members, for the reason that it is money in which the high court of the order has no interest

Debt, on a treasurer's bond. Appeal from the Circuit Court of Cook County. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed November 8, 1900.

LAWRENCE P. BOYLE, attorney for appellant.

WILLIAM C. SCHAEFER and CLARK VARNUM, attorneys for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant is an Illinois corporation formed for the purpose of giving insurance and it organizes under its charter subordinate courts or lodges, to aid in carrying out the purposes of its existence.

Appellee Florence Donahue was duly chosen and installed as treasurer of a subordinate court known as Court Hanover No. 130, and executed his bond as such treasurer to the appellant, with the other appellees as sureties. He also gave a separate bond to the said subordinate court. Subsequently said subordinate court, by formal vote of a majority of its members, withdrew from connection with appellant. At the time of such withdrawal said treasurer had in his hands about seven hundred dollars, which was the property of said subordinate Court Hanover. It appears that after the charter of Court Hanover had been surrendered to appellant a portion of its former members requested and received back its original charter, and thereupon the high chief ranger as chief executive officer of appellant, demanded of said appellee that he turn over the money in his hands as treasurer of Court Hanover to a new treasurer chosen by the new or reconstituted organization. This demand having been refused, the present suit is brought upon the bond given by appellee Donahue to appellant. By stipulation the case was heard under a plea of general issue, both parties to be at liberty to introduce any evidence which might be competent under the usual pleadings.

The bond sued upon recites that whereas appellee Donahue has been duly chosen treasurer of said subordinate Court Hanover, and will hence receive as such treasurer " divers assessment moneys, and other moneys, notes, bonds, books, papers and property in which both said (appellant) corporation and said subordinate court are interested," therefore the condition of the obligation is, that he " shall well and truly pay over, surrender and deliver to his suc-

cessor in office or to any person duly authorized to receive the same, all such .balances of assessment, money, notes, bonds, books, papers and property which may then be in his hands or properly chargeable to him as such treasurer."

Appellant's counsel urges that the only question in the case is whether a portion of the members of such a subordinate court can dissolve the lodge, and thereby annul and destroy the membership in the order of such members of the subordinate court as refuse to join them in the separation or secession. . But this question is not, we think, properly before us in the present suit. The actual question is whether appellant can recover upon the bond referred to, whatever money is in appellee's hands as treasurer of Court Hanover. This money is not a part of the assessment fund, in which only, so far as appears, appellant had any interest. It consists only of money which belonged exclusively to the subordinate court, and which was raised to be expended solely for the benefit of its members. In the disposition of this money appellant had no voice, and no control over it. These facts appear to be undisputed.

It is clear, therefore, that appellant can not recover under the bond sued upon, money in which it has no interest. It does not claim any interest, as we understand the case. It seeks only to recover the money in the said appellee's hands as treasurer of the original Court Hanover, for the use and benefit of the reorganized Court Hanover, affiliated with the appellant organization. The money is also claimed by the members of the old Court Hanover, who, it is said, now constitute a " Court Illinois," affiliated with another fraternal organization known as the " Supreme Court of the Independent Order of Foresters," having similar objects with appellant.

The question as to which of these rival organizations, the reorganized Court Hanover or the new Court Illinois, is entitled to the fund in the said appellee's hands, is not before us in this suit. The judgment of the Circuit Court must be affirmed.